J-S04040-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYREEK GRACIA | : | |
| | : | |
| Appellant | : | No. 835 EDA 2025 |

Appeal from the Judgment of Sentence Entered July 12, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005910-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYREEK GRACIA | : | |
| | : | |
| Appellant | : | No. 836 EDA 2025 |

Appeal from the Judgment of Sentence Entered July 12, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005958-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYREEK GRACIA | : | |
| | : | |
| Appellant | : | No. 837 EDA 2025 |

Appeal from the Judgment of Sentence Entered July 12, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009383-2019

BEFORE:  LAZARUS, P.J., STABILE, J., and NEUMAN, J.

J-S04040-26

MEMORANDUM BY NEUMAN, J.:                    **FILED FEBRUARY 10, 2026**

Appellant, Tyreek Gracia, appeals *nunc pro tunc* from the judgments of sentence of an aggregate term of 14 to 28 years' incarceration, imposed in three separate cases that were consolidated below, following his entry of an open guilty plea in one case, and his resentencing in two prior cases after the revocation of his probation.[1]  Upon careful review, we affirm.

The record reflects that, on November 10, 2016, Appellant entered an open guilty plea to the charges of Firearms not to be Carried Without a License, 18 Pa.C.S. § 6106, Carrying Firearms on Public Streets or Public Property in Philadelphia, 18 Pa.C.S. § 6108, and Recklessly Endangering Another Person, 18 Pa.C.S. § 2705, at docket CP-51-CR-0005910-2016 ("Docket 1").  Appellant also entered an open plea to Possession with Intent to Deliver, 35 P.S. § 780-113(a)(30), and Receiving Stolen Property, 18 Pa.C.S. § 3925, at docket CP-51-CR-0005958-2016 ("Docket 2").

On March 9, 2017, Appellant was sentenced at both dockets to an aggregate term of 11.5 to 23 months' incarceration followed by 5 years' probation.  Specifically, Appellant was sentenced to 11.5 to 23 months' incarceration followed by 5 years' probation for the charge of Firearms not to be Carried Without a License, 5 years' concurrent probation for the charge of Carrying Firearms on Public Streets or Public Property in Philadelphia, and no further penalty for the charge of Recklessly Endangering Another Person at

_____

[1] We granted Appellant's application to consolidate these appeals by order entered April 16, 2025.

- 2 -

Docket 1. At Docket 2, Appellant received concurrent sentences of 11.5 to 23 months' incarceration followed by 5 years' probation for both the Possession with Intent to Deliver and Receiving Stolen Property charges, with Docket 2 running concurrently with Docket 1.

In December 2019, while still on probation, Appellant was charged with multiple crimes at docket CP-51-CR-0009383-2019 ("Docket 3") after a domestic violence incident. On April 5, 2021, Appellant entered an open plea to one count each of Aggravated Assault, 18 Pa.C.S. § 2702(a), Strangulation, 18 Pa.C.S. § 2718(a)(1), Unlawful Restraint, 18 Pa.C.S. § 2902(a)(1), Simple Assault, 18 Pa.C.S. § 2701(a), Recklessly Endangering Another Person, 18 Pa.C.S. § 2705, Criminal Mischief, 18 Pa.C.S. § 3304(a)(5), Terroristic Threats, 18 Pa.C.S. § 2706(a)(1), and False Imprisonment, 18 Pa.C.S. § 2903(a).

On July 12, 2021, a joint sentencing and **Gagnon II**[2] hearing was held for all three of Appellant's cases. At Docket 3, Appellant was sentenced to 4 to 8 years' incarceration for Aggravated Assault and 4 to 8 years' incarceration running consecutively for Strangulation. Appellant's Simple Assault charge merged for sentencing purposes and a sentence of no further penalty was issued for the remaining charges. Based on his conviction at Docket 3, Appellant was found to be in violation of his probation at the previous dockets, his probation was revoked, and he was resentenced. At Docket 1, Appellant

_____

[2] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

was resentenced to 2 to 4 years' incarceration for both his Firearms not to be Carried without a License and Carrying Firearms on Public Streets or Public Property in Philadelphia convictions, with the terms of incarceration running concurrently to each other but consecutive with Docket 3. At Docket 2, Appellant was resentenced to 4 to 8 years' incarceration for both his Possession with Intent to Deliver and Receiving Stolen Property convictions, with the terms of incarceration running concurrently to each other but consecutively to Docket 1 and Docket 3.[3] Overall, Appellant was sentenced to an aggregate term of 14 to 28 years' incarceration. Appellant filed motions for reconsideration which were denied. Appellant did not appeal.

On June 27, 2022, Appellant filed a timely, *pro se* petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, on Docket 3. PCRA counsel was appointed and an amended petition was filed. However, before the PCRA petition was resolved, the case was judicially reassigned and new PCRA counsel was appointed due to inactivity. New PCRA counsel filed an amended PCRA petition at all three dockets by agreement of the parties. On March 21, 2025, Appellant's PCRA petition was granted and his direct appeal rights were reinstated *nunc pro tunc*. Appellant then filed a timely notice of appeal in each of the above-captioned cases, and he also filed a

---

[3] On March 21, 2025, a corrected sentence of no further penalty was issued by the instant trial judge (who is not the judge who sentenced Appellant in 2021) for Appellant's Receiving Stolen Property charge, as the sentence issued on July 12, 2021, was illegal because it exceeded the statutory maximum for a third-degree felony.

timely, court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued its Rule 1925(a) opinion on May 29, 2025.

Appellant now presents the following issue for our review:

[1.] Was the aggregate sentence on all three dockets (one guilty plea and two [violations of probation (VOPs)]) excessive, for the following reasons—

A. the overall sentence was solely punitive;

B. on the guilty plea transcript where the sentence was at the top of the recommended Sentencing Guidelines, the sentencing [c]ourt did not consider … [A]ppellant's acceptance of responsibility by pleading guilty, his rehabilitative needs, potential for rehabilitation[,] and his tremendous familial and community support, which ran afoul of sentencing norms that mandate consideration of such factors comprising … [A]ppellant's character;

C. on the VOP transcripts, the total incarceration sentences were more than necessary to protect the public and vindicate the authority of the [c]ourt, and was excessive in light of … [A]ppellant's remorse, familial support[,] and potential for rehabilitation, which prove [A]ppellant is amenable to community supervision;

D. the overall consecutive nature of the sentences was overly harsh and more than necessary to protect the public, as the sentencing [c]ourt failed to consider … [A]ppellant's remorse, acceptance of responsibility[,] and amenability to community supervision, all factors that must be considered pursuant to the Sentencing Code?

Appellant's Brief at 8.

Appellant's issue implicates the discretionary aspects of his sentence.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).
>
> ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006)…. Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003)….
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra***, *supra* at 912–13.

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, Appellant filed a timely notice of appeal after his appellate rights were reinstated by the trial court, the issues raised by Appellant were properly preserved in a post-sentencing motion, and he filed a Rule 2119(f) statement. In his Rule 2119(f) statement, Appellant alleges a substantial question is raised as follows:

> The sentence is excessive, more than necessary to protect the public, vindicate the victim, rehabilitate … [A]ppellant and reassert the authority of the court. The [trial] court did not consider the mitigating factors and [A]ppellant's need for treatment while simultaneously entering an excessive[,] consecutive-in-nature sentence….

Appellant's Brief at 13. Specifically, Appellant alleges the trial court failed to consider mitigating factors, including:

- Appellant's remorse and acceptance of responsibility;
- Appellant's familial support;
- [Appellant's] work history and [that he] was employed at the time of the 2019 offense;
- [that Appellant] obtained his GED, despite moving several times as a child, often interstate; [and]
- [A]ppellant['s] … history of abusing drugs and … [his] need of treatment.

*Id*. at 15-16.

"[T]his Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citing *Commonwealth v. Perry*, 883 A.2d 599, 602 (Pa. Super. 2005) (applying *Commonwealth v. Mouzon*, 812 A.2d 617, 627 (Pa. 2002)). Finding Appellant has raised a substantial question and satisfied all requirements under *Evans*, we grant his request for review of the discretionary aspects of his sentence and consider the merits of his claim. In doing so, we are mindful that,

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Additionally, in crafting a sentence, courts are directed to consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). Further, "[t]he general rule in Pennsylvania is that in imposing a sentence the court has discretion to determine whether to make it concurrent with or consecutive to other sentences then being imposed or other sentences previously imposed." *Commonwealth v. Graham*, 661 A.2d 1367, 1373 (Pa. 1995) (citation omitted).

Here, Appellant challenges whether "the aggregate sentence on all three dockets (one guilty plea and two VOPs) [was] excessive." Appellant's Brief at 8. Appellant argues the trial court ignored the meaningful mitigation set forth above, and "the sentence was overly punitive for an appellant who pled guilty to the open case, accepted responsibility, and expressed remorse for violating the two VOP cases." *Id.* at 20.

A thorough review of the record reveals the court considered the mitigating factors set forth by Appellant. Notably, the court had and reviewed a presentence report, which included a mental health report. Thus, we "presume[] the court was aware of and weighed all relevant information contained [in the report] along with any mitigating sentencing factors." *Commonwealth v. Velez*, 273 A.3d 6, 10 (Pa. Super. 2022) (internal quotation marks omitted). Additionally, prior to sentencing Appellant, the trial court set forth its reasoning as follows:

> For the record, I believe everything that the victim said in her impact statement. I believe everything that the prosecutor said. I believe that the victim has been through a horrendous relationship with [Appellant].
>
> Just using your common sense and understanding, I believe that the police were called. I believe that the entrance was blocked by [Appellant]. I believe he destroyed her cell phone so she could not contact the police. Therefore, I move to sentencing.
>
> I've considered the guidelines in this case.[4] I sentence [Appellant] for the protection of the public, rehabilitation, punishment, [and] the vindication of the [c]ourt's authority. That is, I placed [Appellant] previously on probation. Previously, I released [Appellant] on bail. And [Appellant] violated my trust on all of those occasions.
>
> So, I sentence him for the vindication of the [c]ourt's authority. As I said, I have considered the guidelines. I considered the arguments of counsel. I considered the allocution of [Appellant].

N.T., 7/12/21, at 19.

Here, it is clear from the record the court considered all the mitigating factors listed by Appellant, including his expressions of remorse for violating his probation and acceptance of responsibility. **See** N.T. at 16 (the court's listening to Appellant's allocution, during which he apologized for violating his probation); *id.* at 18 (the court's hearing Appellant state that he took "responsibility for [his] actions[]"). It is also clear that the court found the aggravating factors outweighed the mitigating ones. The court pointed to its belief that the victim had been through "a horrendous relationship" with Appellant, including that Appellant attempted to block police from aiding the

---

[4] The parties agree that at the time of sentencing, Appellant's prior record score was 2, the offense gravity score for the lead charge of Aggravated Assault was 10, and the recommended guideline range for that charge was 36-48, +/- 12.

- 9 -

victim and prevented her from being able to contact police by damaging her phone. *Id.* at 19. The court also addressed the rehabilitative needs of Appellant, showing concern that the court had previously given Appellant a chance at less restrictive punishments by placing him on probation and releasing him on bail prior to sentencing, only for Appellant to violate probation and break a no contact order while released. *See id.*

Based upon all the evidence before it, the court imposed an aggregate sentence of 14 to 28 years' incarceration for three separate cases. We conclude that the record supports the sentencing court's reasoning and that its decision conforms to the applicable law. Appellant was sentenced within the standard range for Aggravated Assault, within the aggravated range for Strangulation, and was given no further penalty at his five remaining charges at Docket 3. At Dockets 1 and 2, Appellant was resentenced within the statutory maximums after being found in violation of his probation due to his conviction for a violent crime. The record reflects that the court carefully considered all the evidence presented at the sentencing hearing.

As such, we discern no abuse of discretion, as Appellant has not established "that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill will," nor can we conclude that the sentencing court "arrived at a manifestly unreasonable decision." *Shugars*, 895 A.2d at 1275. It is apparent that the gist of Appellant's argument is not that the court failed to **consider** mitigating factors, but rather that the court **weighed** those factors differently than

Appellant desired. However, "the weight accorded to the mitigating factors or aggravating factors presented to the sentencing court is within the court's exclusive domain." **Velez**, 273 A.3d at 10 (citation omitted). Additionally, determining the weight of the factors in section 9721 is "exclusively for the sentencing court, and an appellate court [cannot] substitute its own weighing of those factors." **Commonwealth v. Bowen**, 975 A.2d 1120, 1123 (Pa. Super. 2009) (citing **Commonwealth v. Walls**, 926 A.2d 957, 966 (Pa. 2007)).

For these reasons, we deem Appellant's issue meritless and affirm his judgments of sentence.

Judgments of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/10/2026

- 11 -